IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEREMIAH BROWN HALL, #342-789
  Petitioner         :

  v.             :  CIVIL ACTION NO. RDB-14-2907

WARDEN SOLOMAN HEJERIKA  :
  Respondent

## MEMORANDUM OPINION

  Respondent moves to dismiss Jeremiah Brown Hall's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 15). Hall has responded, arguing that he is entitled to equitable tolling because post-conviction counsel delayed obtaining transcripts and reviewing the merits of his claims.[1] He has supplemented his equitable tolling response, as ordered, by providing a copy of the form letter sent to him by the Collateral Review Division of the Officer of the Public Defender, explaining the one-year federal limitations period to state prisoners. (ECF No. 20). After reviewing these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall DISMISS the Petition as time-barred and DENY a Certificate of Appealability.

### Procedural History

  On January 11, 2007, Hall pleaded guilty in the Circuit Court for Prince George's County to one count of kidnaping and one count of conspiracy to commit armed robbery. (ECF No. 15-1, p. 9). On March 27, 2007, Hall was sentenced to 50 years of incarceration, all but 15 years suspended, and five years of probation. (*Id.*, p. 10). Hall did not file an application for leave to appeal the entry of his guilty plea and sentence; thus, his judgment of conviction became final on

---

[1] Counsel ultimately determined Hall's claims were without merit, and declined to prepare a petition for him, instead agreeing only to represent him at his post-conviction hearing. (ECF No. 17-1, pp. 1-4).

April 26, 2007, when the time for doing so expired. *See* Md. Code. Ann., Cts & Jud. Proc. Art., §12-302(e) (1997) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

On July 15, 2010, Hall filed a petition for post-conviction relief in the Circuit Court for Prince George's County. (ECF No. 15-1, p. 11)  Post-conviction relief was denied by the Circuit Court on June 8, 2012.  (*Id.,* p. 14).  Hall filed an application for leave to appeal this ruling, which was summarily denied by the Court of Special Appeals in an unreported opinion filed on February 5, 2013.  The Court's mandate issued on March 11, 2013.  (*Id.; see also* ECF No. 15-2).

Hall seeks federal habeas corpus relief by asserting that the Circuit Court lacked subject matter jurisdiction because the armed robbery involved a bank.  Judicial misconduct and the involuntary nature of the plea also are alleged. (ECF 1, p. 4).  The Certificate of Service accompanying his Petition is signed September 9, 2014 (ECF 1-5), and the Petition is deemed filed on that date.  *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review.  *See* 28 U.S.C. § 2244(d)(1)(A).  Here, the limitations period began to run on April 26, 2007, and expired one year later, on April 2, 2008.

Clearly, Hall failed to seek federal habeas corpus relief in a timely manner and cannot claim entitlement to statutory tolling of the limitations period.  In order to be entitled to equitable

tolling, Hall must establish that either some wrongful conduct by Respondent contributed to the delay in filing and completing state post-conviction review and thereafter in promptly seeking federal habeas corpus relief, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Nothing in the record suggests that misconduct on the part of the Respondents or some extraordinary circumstance prevented Hall from timely completing post-conviction relief with regard to the validity of his guilty plea. Indeed, Hall was informed of the one-year limitations period in correspondence provided by the Maryland Office of the Public Defender at the time Hall contacted that office to request assistance in order to pursue state post-conviction relief. To the extent delay in completing post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

Hall has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A Certificate of Appealability will not issue because Hall has not made a "substantial showing of the denial of a constitutional right."[2] A separate Order follows.

---

[2] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude Hall from requesting a Certificate of Appealability from the appellate court.

<u>April 20, 2015</u>　　　　　　　　　　　　　　___/s/_____
Date　　　　　　　　　　　　　　　　　　　RICHARD D. BENNETT
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE